UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RODOLFO NOE VILLA,<br><br>Defendant. | No. 1:18-cr-00101-DAD<br><br>ORDER DENYING REQUEST FOR RRC <u>PLACEMENT RECOMMENDATION</u><br><br>(Doc. No. 30) |

On December 5, 2018, defendant Villa was sentenced by the undersigned to a 48 month term in the custody of the U.S. Bureau of Prisons pursuant to his previously entered plea of guilty to Count 1 of the indictment in this action charging him with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Doc. Nos. 26, 27.) In keeping with the requests of the defendant at the time of sentencing, the court recommended to the Bureau of Prisons that he be designated to serve the remainder of his sentence at an Arizona facility, specifically FCI Phoenix or as near to Phoenix as possible to facilitate family visitation, but only insofar as that recommendation was consistent with security classification and space availability and that he be allowed to participate in the 500-Hour Bureau of Prisons Substance Abuse Treatment Program. (*Id.*)

On August 16, 2019, defendant, proceeding pro se, filed with the court a motion for a judicial recommendation for maximum RRC placement, arguing that other district courts have

1

granted such motions. (Doc. No. 30.) The undersigned generally defers to the Bureau of Prisons with respect to the amount of time a sentenced prisoner should be designated for a placement at an RRC and will do so in this case as well.[1]

Accordingly, while the court certainly has no objection to the maximum RRC placement defendant seeks, his motion for an additional judicial recommendation in that regard (Doc. No. 30) is denied.

IT IS SO ORDERED.

Dated: **September 2, 2019**

UNITED STATES DISTRICT JUDGE

---

[1] One reason that the undersigned generally defers to prison officials on this issue is that, unfortunately, RRC facilities are scarce and becoming scarcer. For instance, the Eastern District of California currently has no RRC bed space at all, following inexplicable closures of its RRC facilities by the Bureau of Prisons over the past twenty years. The court notes the irony of deferring to the Bureau of Prisons officials on the length of RCC placements since in large part it is the Bureau which has created the lack of RRC bed space. Nonetheless, given the reality of that scarcity, the court is not in a well-informed position to opine on which prisoners should be designated for such placements nor for how long they should be so designated.